# IN THE COURT OF APPEALS OF IOWA

No. 14-0913
Filed December 24, 2014

**AARON POWELL,**
 Plaintiff-Appellant,

**vs.**

**EMPLOYMENT APPEAL BOARD,**
 Defendant-Appellee.

_____

  Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


  A claimant appeals following judicial review and the affirmance of the final decision of the Employment Appeal Board, denying benefits and requiring recovery of benefits distributed. **AFFIRMED.**


  Eric M. Updegraff of Stoltze & Updegraff, P.C., Des Moines, for appellant.

  Richard R. Autry for the Employment Appeal Board, for appellee.


  Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, P.J.**

Aaron Powell, a part-time music professor at Des Moines Area Community College, filed a claim for unemployment compensation with the Iowa Department of Workforce Development. After several proceedings before the department, the Employment Appeal Board issued a final agency decision concluding in pertinent part as follows: (I) Powell was ineligible for benefits during breaks before and after the 2012 summer term, (II) Powell was ineligible for benefits during the 2012 summer term, and (III) Powell was obligated to repay benefits paid in the interim. On judicial review, the district court affirmed the agency decision in its entirety. This appeal followed.

## I. Eligibility For Benefits Between Terms

An administrative law judge considering Powell's claim combined the analysis of the summer term with breaks before and after the summer term. Powell challenges this aspect of the administrative law judge's decision. He concedes he is not entitled to unemployment compensation for the periods between terms, stating "[i]f the school is truly between terms, meaning not in operation, then unemployment benefits are not appropriate." *See* Iowa Code § 96.4(5)(a) (2013).[1] In his view, though, the administrative law judge's refusal to

---

[1] This provision states:

> Benefits based on service in an instructional . . . capacity in an educational institution including service in or provided to or on behalf of an educational institution while in the employ of an educational service agency, a government entity, or a nonprofit organization *shall not be paid to an individual for any week of unemployment which begins during the period between two successive academic years or during a similar period between two regular terms, whether or not successive terms* . . . if the individual has a contract or reasonable assurance that the individual will perform services in any such capacity for any educational institution for both such academic years or both such terms.

distinguish between periods of clear ineligibility and periods of possible eligibility was instrumental in the decision to deny him benefits for the summer term.

Powell's assertion might hold sway but for the fact that the administrative law judge's treatment of the between-term and term periods was corrected by the employment appeal board in its final agency decision, as follows:

> If there is error in the Administrative Law Judge's analysis it is in the apparent suggestion that the entire summer term is "between terms." The record evidence shows instead that the period between spring and summer was from May 4 through May 21, and that the summer term ended on August 2, 2012. . . . This leaves 11 weeks at issue.

This correction resolves Powell's concern.

## II. Eligibility for Benefits During Summer Term

Powell was always a part-time employee but he worked reduced hours during the summer term relative to the hours he worked during the fall and spring terms. Powell asserted he was entitled to unemployment benefits for this summer period of "partial unemployment." The Employment Appeal Board examined several statutory and rule provisions governing partial unemployment, the most pertinent of which states a claimant is disqualified for being unavailable for work: "Where a claimant is still employed in a part-time job at the same hours and wages as contemplated in the original contract for hire and is not working on a reduced workweek basis different from the contract for hire, such claimant cannot be considered partially unemployed."[2]

---

(Emphasis added).

[2] The worker's compensation statute does not contain this language. Its definition of partial unemployment is tied to full-time employment. *See* Iowa Code § 96.19(38)(b)(1) (defining week of partial unemployment in pertinent part as follows: "While employed at the individual's then regular job, the individual works less than the regular full-time week

Iowa Admin. Code r. 871-24.23(26). After finding "a pattern of working . . . with a reduced period of work over the summer, as contemplated by the parties," the board concluded Powell's "reduction [in hours] over the summer, or any other term, is exactly as contemplated by the original contract of hire—[Powell] will work as needed, with the need set out term by term." Because Powell was not working "on a reduced workweek basis different from the contract of hire," the board concluded he was not "partially unemployed" and was not entitled to benefits.

Powell concedes rule 871-24.23(26) provides the framework for analysis, but asserts the administrative law judge "fail[ed] to address the question of what was contemplated in the original contract for hire." As noted, our focus is on the final agency decision issued by the employment appeal board. *See* Iowa Code § 17A.19(1); *Iowa State Fairgrounds Sec. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 293, 294 (Iowa 1982) ("Upon judicial review, the district court reviews the final agency decision, not the hearing officer's proposal."). The board's findings concerning partial unemployment and the original contract of hire were supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f). Specifically, Powell testified his current fall-spring-summer schedule, which encompassed classes and guitar lessons in the fall and spring but only guitar lessons in the summer, was implemented in the fall of 2010 based on lower enrollment and less interest

---

and in which the individual earns less than the individual's weekly benefit amount plus fifteen dollars.)"

The Employment Appeal Board acknowledged this provision could be read to completely foreclose the possibility of partial unemployment from part-time rather than full-time work. The board went on to assume for purposes of the decision that a person could be partially unemployed from part-time work.

in summer courses. For example, the college offered a choir course one summer but was forced to cancel it because of low numbers. He conceded he had been working at the job regularly since 2007. While he did not receive his appointment letter until shortly before the term began and was an "at-will" employee as specified in the faculty handbook, he knew the nature and general terms of his employment in 2007 and had an expectation those terms would continue as long as he was employed with the institution.

Having found substantial evidence to support the Employment Appeal Board's finding that Powell was not partially unemployed during the summer of 2012, we affirm the district court's ruling upholding the agency decision to deny him unemployment compensation. To the extent Powell challenges the agency's application of law to fact, we conclude the decision is not "irrational, illogical, or wholly unjustifiable." Iowa Code § 17A.19(10)(m).

### III. Overpayment

Powell received $4114.00 in benefits. The Employment Appeal Board ordered this sum repaid. On appeal, Powell contends he had no obligation to repay the funds. To the contrary, Iowa Code section 96.3(7)(a) states:

> If an individual receives benefits for which the individual is subsequently determined to be ineligible, *even though the individual acts in good faith and is not otherwise at fault, the benefits shall be recovered.* The department in its discretion may recover the overpayment of benefits either by having a sum equal to the overpayment deducted from any future benefits payable to the individual or by having the individual pay to the department a sum equal to the overpayment.

(Emphasis added.) This provision requires repayment notwithstanding Powell's lack of fault in incurring the overpayment. We find it unnecessary to address Powell's remaining arguments opposing the overpayment recovery decision.

We affirm the district court's affirmance of the agency decision denying Powell unemployment compensation benefits and ordering repayment of overpaid benefits.

**AFFIRMED.**